**IT IS ORDERED as set forth below:**



**Date: April 28, 2022**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF GEORGIA ROME DIVISION**

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| COLE DALTON HAMBY ) | CASE NO. 22-40467-PWB |
| ) | |
| COLE DALTON HAMBY, ) | |
|        Plaintiff. ) | ADVERSARY PROCEEDING |
| ) | NO. 22-04015-PWB |
| v. ) | |
| ) | |
| RICHARD FOUTS DBA ) | |
| EVERYBODY RIDES AUTO SALES, LLC ) | |
| AKA GREENLIGHT LENDING, LLC, ) | |
| DOES 1-10, ) | |
|        Defendants. ) | |

**ORDER ON EMERGENCY MOTION FOR TURNOVER**
**AND ORDER TO COMPLY WITH THE AUTOMATIC STAY**

The Debtor's Emergency Motion for Turnover and Order to Comply with the

Automatic Stay against Richard Fouts DBA Everybody Rides Auto Sales, LLC AKA

Greenlight Lending, LLC and Does 1-10, filed in the above-styled adversary proceeding, came

before the Court for hearing on April 27, 2022. Upon the call of the calendar counsel for the

Debtor and for the Chapter 13 Trustee were present. No one appeared on behalf of anyone else.

The caption of the original complaint apparently names one defendant in addition to Does 1-10: "Richard Fouts DBA Everybody Rides Auto Sales, LLC AKA Greenlight Lending, LLC." The body of the complaint, however, refers specifically to the two companies as distinct legal entities, and the certificate of service of the complaint shows service on the entities and their registered agent. At the hearing, the Court advised the Debtor's attorney to amend the complaint to clarify this and to re-serve the proper parties if necessary, but proper naming of the parties is not necessary for purposes of enforcing the automatic stay. For present purposes, the Court will use "Creditor" to mean whatever person or entity is now, or has been, (1) the seller of the subject vehicle to the Debtor; (2) the holder of a security interest to secure a debt for its purchase price (whether originally or by assignment); or (3) in possession of the subject vehicle.

The complaint states, and counsel for Debtor represented at the hearing, that the Creditor repossessed Debtor's 2012 GMC Sierra (the "Vehicle"), on April 21, 2022, after the filing of the Debtor's bankruptcy case on April 14, 2022; that Debtor's counsel provided information about the bankruptcy case to the Creditor on April 19, 2022; that Debtor's counsel contacted the Creditor on April 21, 2022, to instruct the Creditor to turn over the Vehicle and to inform the Creditor of the existence of the automatic stay of 11 U.S.C. § 362(a). The Vehicle has not been returned to the Debtor.

Section 362(a) of the Bankruptcy Code, 11 U.S.C. § 362(a), prohibits an entity from taking any act, after the filing of a bankruptcy case, to take possession of property of the debtor. The provision is automatic and is binding on all parties. Taking possession of the Vehicle, therefore, violated the automatic stay. It must be returned to the Debtor immediately.

Pending clarification of the parties in this proceeding, it is appropriate that the Court

2

enter this Order to insure compliance with the automatic stay with regard to the Vehicle and to make it clear that it is the Order of this Court that the Vehicle be returned to the Debtor.  Despite the lack of clarity with regard to the parties, the Court finds that Mr. Fouts, Everybody Rides Auto Sales, LLC, and Greenlight Lending, LLC (entities with which Mr. Fouts appears to be associated) have had sufficient notice of the existence of the automatic stay and of the hearing on the request for relief in the motion.  Moreover, all of them have the obligation to comply with the automatic stay regardless of whether this Court expressly orders them to do so.

The complaint also seeks sanctions for violation of the automatic stay.  Section 362(k) of the Bankruptcy Code provides that, in the event of a willful violation of the automatic stay in the case of an individual, the Debtor "shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages."  The allegations in the complaint appear to the Court to state circumstances that, if true, may warrant the imposition of substantial punitive damages.  *See Stephens v. Guaranteed Auto, Inc. (In re Stephens),* 495 B.R. 608 (Bankr. N.D. Ga. 2013).

The Court will defer consideration of which of Mr. Fouts and the two entities violated the automatic stay (or whether none of them did) and the amount, if any, of actual and punitive damages that the Debtor is entitled to recover against Mr. Fouts and the two entities to the extent that any of them willfully violated the automatic stay or directed its violation.  Everybody Rides Auto Sales, LLC, and Greenlight Lending, LLC, must have a lawyer represent them in this proceeding.  *E.g., Rowland v. California Men's Colony,* 506 U.S. 194 (1993); *Palazzo Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985); *Stephens v. Guaranteed Auto, Inc. (In re Stephens),* 495 B.R. 608, 612, n. 2 (Bankr. N.D. Ga. 2013).  Unless Mr. Fouts is a lawyer, he cannot represent the two entities in this proceeding or appear on their behalf.

Based upon the proffer of the Debtor's counsel at the hearing and the absence of appearance by any party with notice of the hearing to oppose entry of an order to enforce the automatic stay with regard to the Vehicle and for the reasons stated herein, it is hereby

**ORDERED** that Richard Fouts, Everybody Rides Auto Sales, LLC, and Greenlight Lending, LLC, and any of their officers, managers, representatives, and agents or other persons acting in active concert or participation with, or on the behalf of, any of them having actual notice of this Order (by personal service, service by first class mail, by e-mail, by facsimile transmission or otherwise), shall (1) comply with the automatic stay of 11 U.S.C. § 362(a) with regard to the Vehicle and (2) return the Vehicle to the Debtor at 457 Law Road Northwest, Cartersville, Georgia 30120, within twenty-four hours of receipt of actual notice of this Order.  It is further

**ORDERED** that, until the Vehicle is returned to the Debtor, any person in violation of this Order shall be liable to the Debtor in the amount of $100 per day for each day after the deadline stated above that the Vehicle has not been returned.  This amount is a minimum coercive penalty, and its imposition does not preclude or limit any rights of the Debtor to seek actual or punitive damages for a violation of 11 U.S.C. § 362(a) or this Order.  Further, the Court may increase the penalty at a later time if necessary to compel compliance with this Order.

Counsel for the Debtor shall transmit this Order via fax or email to all parties (including the registered agent for the entities) and to file a certificate of service showing same.                                **END OF ORDER**

**This Order has not been prepared for publication and is not intended for publication.**

Entered by the Court based on proposed order submitted by Jeffrey B. Kelly Attorney for Debtor, GA Bar No. 412798, 107 E. 5th Avenue Rome, GA  30161; (678) 861-1127 (phone) (706) 413-1365 (fax); lawoffice@kellycanhelp.com

**Distribution List**

Jeffrey B. Kelly
107 E. 5th Avenue
Rome, GA 30161

Barbara A. Bedene-Fields
Registered Agent for Everybody Rides Auto Sales, LLC
6445 Powers Ferry Rd., Suite 325
Atlanta, GA  30339

Barbara A. Bedene-Fields
Registered Agent for Greenlight Lending, LLC
6445 Powers Ferry Rd., Suite 325
Atlanta, GA  30339

Richard Fouts
100 Sentinae Close
Atlanta, GA   30350

Everybody Rides Auto Sales, LLC
Attn:  Richard Fouts, Owner
100 Sentinae Close
Atlanta, GA  30350

Greenlight Lending, LLC
Attn:  Richard Fouts, Owner
100 Sentinae Close
Atlanta, GA  30350