

**IT IS ORDERED as set forth below:**

**Date: November 29, 2022**

_____

**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

IN RE:

COLE DALTON HAMBY,

    Debtor.

CASE NO. 22-40467-PWB

CHAPTER 13

COLE DALTON HAMBY,
    Plaintiff,

v.

RICHARD FOUTS, RICHARD
FOUTS, JR., EVERYBODY RIDES
AUTO SALES, LLC, GREENLIGHT
LENDING, LLC, and DOES 1-10,
    Defendants.

ADVERSARY PROCEEDING
NO.  22-4015-PWB

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

After Cole Dalton Hamby filed a Chapter 13 bankruptcy petition, his vehicle, a 2012 GMC Sierra, was repossessed.  Mr. Hamby had purchased the car from Everybody Rides Auto Sales, LLC ("Everybody Rides"), a "buy here, pay here" business, and listed Everybody Rides as the holder of a security interest in it on his schedules.

After the repossession, Greenlight Lending, LLC ("Greenlight Lending") sent Mr. Hamby a demand letter for payment of the debt owed on the vehicle.  Richard A. Fouts, Jr., also known as Richard Fouts, Jr., Richard A. Fouts and Richard Fouts ("Mr. Fouts"), is the principal, if not the sole, owner and manager of Everybody Rides and Greenlight Lending.

On April 28, 2022, the Court entered an Order requiring Mr. Fouts, Everybody Rides, and Greenlight Lending (collectively, the "Defendants") to return the vehicle to Mr. Hamby and imposed a coercive sanction of $ 100 per day for each day that the vehicle was not returned.  [22-4015, Doc. 10].  The Defendants did not return the vehicle.

On October 26, 2022, the Court held a trial on Mr. Hamby's claim for damages under 11 U.S.C. § 362(k) for violation of the automatic stay of § 362(a) and the Court's April 28 Order.

At the trial, the Court heard testimony from Mr. Hamby, and Lacey Kinghorn, a paralegal for the Law Office of Jeffrey B. Kelly, P.C., Mr. Hamby's counsel.  None of the Defendants appeared for trial despite notice sent by U.S. Mail to each of them at

multiple addresses.  The testimony of the witnesses and the record in this case establish that no facts are in dispute.

Based on the findings of fact and conclusions of law announced on the record at the end of the trial and as set forth below, the Court will enter judgment against Everybody Rides Auto Sales, LLC, Greenlight Lending, LLC, and Richard A. Fouts, Jr., a/k/a Richard Fouts, Jr., Richard A. Fouts and Richard Fouts ("Mr. Fouts"), jointly and severally, for violation of the automatic stay and this Court's April 22 Order for monetary damages of $ 36,665.19, itemized as follows:  (1)  $1,133.46 for the value of personal property in the vehicle that the Defendants did not return; (2) punitive damages of $ 17,800, representing a penalty of $ 100 per day for 178 days between entry of the April 22 Order and the date of trial for failure to return the vehicle; (3) punitive damages of $ 14,732.53, representing the amount of the debt claimed on the vehicle; and (4) $ 3,000 for Mr. Hamby's attorney's fees.  In addition, the Court will order the cancellation of the lien on the vehicle and prohibit collection of the debt as a personal liability of Mr. Hamby.

## I.    **Findings of Fact**

On April 15, 2022, Mr. Hamby filed a chapter 13 bankruptcy petition.  At the time of the bankruptcy filing, he was in possession of the vehicle, a 2012 GMC Sierra, purchased and financed by Everybody Rides, a "buy here, pay here" car lot.  When he purchased the vehicle, he met Richard Fouts who told him he was the owner of Everybody Rides.  Prior to filing bankruptcy, Mr. Hamby made bi-weekly payments on

the vehicle either in cash or by debit card.  When Mr. Hamby paid with his debit card, the charge showed the payee as Everybody Rides.

Mr. Hamby listed Everybody Rides as a creditor in his bankruptcy schedules. Lacey Kinghorn, a paralegal working for his attorney, testified that she made her first call to Everybody Rides on April 15, 2022, but was told to call back.  On April 19, 2022, Ms. Kinghorn called Everybody Rides again and sent notice of the bankruptcy filing to it by fax and electronic mail.

The Bankruptcy Noticing Center, the entity that provides notices issued by the Clerk of the Bankruptcy Court or the Bankruptcy Court itself, sent notice of the commencement of the case with various deadlines and instructions to Everybody Rides and other creditors by first class mail on April 20, 2022.

On April 21, 2022, two days after Ms. Kinghorn called Everybody Rides to advise of the bankruptcy filing, Mr. Hamby returned home and discovered the vehicle was gone.  Assuming that it was repossessed, Mr. Hamby called Everybody Rides twice.  In response to the second call, an Everybody Rides representative told him not to call back.

Around this same time, Mr. Hamby received a "10-Day Demand Letter for Payment" (the "Letter") dated April 21, 2022, from Green Light Lending, 100 Sentinae Close, Atlanta, GA 30350.  The Letter states, "THIS IS AN ATTEMPT TO COLLECT A DEBT. AMOUNT DUE $14,732.53. YOU HAVE 10 DAYS TO PAY ENDING ON May 1st, 2022."

The Letter further states:

Dear Mr. Hamby,

You currently have an outstanding balance with Green Light Lending in the amount of $14,732.53. The outstanding balance is in regard to: 2012 GMC Sierra Vin #3GTP2VE75CG134143. In order to resolve this matter, you shall have ten (10) days to pay this debt.

The Letter is signed, "R. Fouts."

Mr. Hamby amended his schedules on April 22, 2022, to add Greenlight Lending as a creditor using the address on the Letter as the address for notices.

On April 22, 2022, Mr. Hamby filed a complaint for turnover of the vehicle and damages naming Richard Fouts d/b/a Everybody Rides Auto Sales, LLC, d/b/a Greenlight Lending, LLC, and Does 1-10, as defendants. Lacey Kinghorn testified that before the complaint was filed, she personally called Everybody Rides and that the woman who answered cursed at her and hung up the telephone.

After notice to all Defendants and a hearing, the Court entered an Order on April 28, 2022, [22-4015, Doc. 10 at 4]. The Order provided:

[It is hereby] ORDERED that Richard Fouts, Everybody Rides Auto Sales, LLC, and Greenlight Lending, LLC, and any of their officers, managers, representatives, and agents or other persons acting in active concert or participation with, or on the behalf of, any of them having actual notice of this Order (by personal service, service by first class mail, by e-mail, by facsimile transmission or otherwise), shall (1) comply with the automatic stay of 11 U.S.C. § 362(a) with regard to the Vehicle and

5

(2) return the Vehicle to the Debtor at 457 Law Road Northwest, Cartersville, Georgia 30120, within twenty-four hours of receipt of actual notice of this Order. It is further

ORDERED that, until the Vehicle is returned to the Debtor, any person in violation of this Order shall be liable to the Debtor in the amount of $100 per day for each day after the deadline stated above that the Vehicle has not been returned. This amount is a minimum coercive penalty, and its imposition does not preclude or limit any rights of the Debtor to seek actual or punitive damages for a violation of 11 U.S.C. § 362(a) or this Order. Further, the Court may increase the penalty at a later time if necessary to compel compliance with this Order.

On May 18, 2022, Mr. Hamby filed an amended complaint to set forth further allegations regarding damages and to clarify and add defendants. [Doc. 20]. The amended complaint names Richard Fouts, Richard Fouts, Jr., Everybody Rides Auto Sales, LLC, Greenlight Lending, LLC, Rick Adkins, and Does 1-10. Although counsel served the amended complaint, it does not appear that he obtained and served an alias summons on any of the newly added defendants.

On June 29, 2022, the Court held a hearing via Zoom.gov on Mr. Hamby's Motion for Sanctions for Violation of the Automatic Stay. [Doc. 21]. None of the Defendants appeared. At the hearing, the Court observed that all of the Defendants had been properly served, but expressed concerns because the complaint, amended complaint (without an alias summons), and the motion for sanctions sought varying

6

degrees of relief that, out of an abundance of caution and in consideration of the Defendants' due process rights, should be consolidated in a second amended complaint and served, with an alias summons, upon each Defendant.

In its July 15, 2022 Order following the June 29 hearing, the Court granted leave to Mr. Hamby to file a second amended and supplemental complaint to set forth all factual statements and relief requested, including an itemized request for damages (that could be supplemented at a future date) with respect to the named Defendants, to obtain an alias summons, and to serve same upon the Defendants in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure.

The Court included the following explicit provision in the July 15, 2022 Order [Doc. 22 at 4-5]:

A failure by any Defendant to answer may result in the entry of a monetary judgment against one or all of the Defendants. In other words, if Richard Fouts, Richard Fouts, Jr., Rick Adkins, Everybody Rides Auto Sales, LLC, or Greenlight Lending, LLC, fails to answer the amended complaint, he or it may be personally liable for damages in the discretion of the Court including, but not limited to, the damages requested by the Debtor/Plaintiff.

The Court served this Order on all of the Defendants at all addresses identified.

Mr. Hamby filed a second amended complaint and served it along with an alias summons upon all of the Defendants. [Doc. 28, 30].    None of the Defendants responded to it.

After expiration of the time for a response to the second amended complaint, Mr. Hamby filed a motion for an evidentiary hearing and the Court scheduled the matter for trial on October 26, 2022.  The trial notice, served by the Court on all Defendants, again contained an  admonition to them [Doc. 32 at 2]:

> [It is] FURTHER ORDERED AND NOTICE IS HEREBY GIVEN that the Debtor/Plaintiff seeks compensatory damages, punitive damages, and attorney fees against each Defendant, individually and collectively. A failure by any Defendant to appear at the trial may result in the entry of a monetary judgment against one or all of the Defendants. In other words, if Richard Fouts, Richard Fouts, Jr., Rick Adkins, Everybody Rides Auto Sales, LLC, or Greenlight Lending, LLC, fails to appear at trial, he or it may be personally liable for damages in the discretion of the Court including, but not limited to, the damages requested by the Debtor/Plaintiff.

At the trial, Mr. Hamby and Ms. Kinghorn testified to the facts set out above. Mr. Hamby testified that, due to the repossession of the vehicle, he had to purchase another car for transportation and lost two days of work.  In addition, the following personal items, including their value, were in the vehicle and have never been returned

to him: Milwaukee Hammer ($18.97); Husky mechanic's tool set ($129.00); Pioneer double touchscreen head unit ($200.00); Graco Snugride Snuglock car seat base ($85.49); class ring ($300.00); and a gold necklace ($400.00). Ultimately, due to repossession, the cost of the new car, and lost work, Mr. Hamby was unable to maintain his chapter 13 plan payments and his case was dismissed.

None of the Defendants appeared at the trial, which was conducted in person at the U.S. Courthouse in Rome, Georgia.

Although at the trial the Court did not address, with particularity, the business history of the Defendants or Mr. Fouts' specific relationship to them, the official records maintained by the Secretary of State of the State of Georgia, reflect the following information about the Defendants.[1]

Everybody Rides Auto Sales, LLC, was formed on June 16, 2016. Its articles of organization list the principal office address as 100 Sentinae Close, Atlanta, Georgia 30350, and the organizer and registered agent's name and address as Barbara A. Bedene Fields, 6445 Powers Ferry Road, Ste. 325, Atlanta, Georgia 30339.   Annual Registrations for 2017 through 2022 list the "Authorizer" as Richard Fouts, and Barbara Bedene Fields as the registered agent,  In an amended annual registration filed April

---

[1] In order to verify that service of process meets constitutional due process requirements, see Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) , the Court routinely consults the business records of the Secretary of State of the State of Georgia as maintained on his office's website .   These records include articles of incorporation, business registration, officers and organizers, where applicable, and the names and addresses of agents for service.  Although the information was not introduced into evidence at the trial, the Court nevertheless reviewed this information maintained by the Secretary of State and has no reason to doubt its accuracy.

26, 2022, approximately five days after the repossession of the vehicle, Richard A. Fouts is listed as the organizer and registered agent with a principal office address and registered office address of 2900 Marietta Hwy., Canton, Georgia 30114.

Greenlight Lending, LLC was formed on June 16, 2016.  Although Greenlight Lending, LLC was administratively dissolved on October 22, 2020, it was reinstated on June 29, 2021.  Attached to the Certificate of Reinstatement is the Application for Reinstatement which identifies Greenlight Lending, LLC's address as "100 Sentinae Close, Atlanta, GA 30350" and Richard Fouts as an "owner/member."  Also attached to the Certificate of Reinstatement is a letter addressed to the Georgia Secretary of State signed by "Richard Fouts, Member" that states, "I, Richard Fouts, certify that I was a member of Greenlight Lending, LLC, at the time it was administratively dissolved. I have knowledge of and do hereby assent to the application of reinstatement."  The amended annual registration dated April 26, 2022, reflects Greenlight Lending's principal office address and registered office address as 2900 Marietta Hwy., Canton, Georgia, 30350 and the registered agent as Richard A. Fouts, Jr.

The Court finds from the Everybody Rides documents that "Richard Fouts" and "Richard A. Fouts" are the same person.  The Court finds from the Greenlight Lending documents that "Richard Fouts" and "Richard A. Fouts, Jr." are the same person.  Accordingly, the Court finds that Richard A. Fouts, Jr., is also known as Richard Fouts, Jr., Richard Fouts and Richard A Fouts.

The Court finds from the evidence that Mr. Fouts in a principal, if not the sole owner, of Everybody Rides and Greenlight Lending, that he is the manager of both

companies and their business, and that he directed the activities of Everybody Rides and Greenlight Lending discussed above with regard to receipt of notice of the bankruptcy filing, the repossession of the vehicle, communications with Mr. Hamby and his lawyer's office, sending the demand letter to Mr. Hamby, and failure to return the vehicle.

Mr. Hamby did not present evidence against Rick Adkins or any of Does 1-10 at the evidentiary hearing and, as a result, the Court concludes that Mr. Hamby abandoned any claim against them.  The Court will, accordingly, dismiss the complaint against Rick Adkins and Does 1-10, without prejudice.

## II.    **Conclusions of Law**

This Court has authority to hear and determine this adversary proceeding and to enter orders and judgments under 11 U.S.C. § 157(b)(1) as a "core proceeding" under 28 U.S.C. § 157(b)(2)(A), (O), over which the District Court has jurisdiction under 28 U.S.C. § 1334(b), that has been referred to this Court pursuant to 28 U.S.C. § 157(a) and L.R. 83.7, N.D.Ga.

A voluntary bankruptcy case is commenced by the filing of a petition by an entity that may be a debtor under the appropriate chapter with the bankruptcy court.  11 U.S.C. § 301(a).

The commencement of the bankruptcy case triggers two significant events.

First, it creates an estate comprised of all legal and equitable interests of the debtor in property wherever located and by whomever held.  11 U.S.C. § 541(a)(1).

11

Second, it operates as an automatic stay, applicable to all entities, of among other things, any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate (11 U.S.C. § 362(a)(3)); any act to create, perfect, or enforce any lien against property of the estate  (11 U.S.C. § 362(a)(4)); any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case (11 U.S.C. § 362(a)(5)); and any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. (11 U.S.C. § 362(a)(6)).

The stay provided by 11 U.S.C. § 362(a) is automatic and is subject to limited exceptions, none of which are applicable here.  If an entity seeks to be relieved of the requirements of the automatic stay, it must request such relief by motion. § 362(d).

Based on these fundamental principles, the Court concludes that the uncontroverted facts show that (1) Mr. Hamby's filing of a Chapter 13 bankruptcy petition on April 15, 2022,  created an estate that included the vehicle, the 2012 GMC Sierra, he purchased from Everybody Rides; and (2) the postpetition repossession of the vehicle, the retention of it after notice of the bankruptcy filing, and the postpetition attempt to collect the debt secured by the vehicle violated the automatic stay.

Section 362(k) provides that an individual injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and that, in appropriate circumstances, the individual may recover punitive damages. 11 U.S.C. § 362(k)(1).

For § 362(k)(1) to apply, (1) the debtor must be an individual; (2) a violation of the automatic stay must have occurred; (3) the violation must be willful; and (4) the debtor must suffer injury.[2]

Mr. Hamby is an individual, and it is undisputed that the postpetition repossession and postpetition retention of the vehicle and the postpetition attempt to collect the debt from him violated the automatic stay.

Thus, the remaining issues are: (1) whether the violation was willful; (2) if so, whether Mr. Hamby suffered damages, and the nature of the damages; and (3) who is liable for damages for violation of the stay.

A willful violation of the automatic stay occurs when the creditor knew of the automatic stay and intended the actions that constituted the violation. *E.g., Stephens v. Guaranteed Auto, Inc. (In re Stephens)*, 495 B.R. 608, 615 (Bankr. N.D. Ga. 2013) (*citing In re Jove Engineering, Inc.*, 92 F.3d 1539, 1555 (11th Cir.1996)) ("a 'willful' violation occurs when the creditor knew that the automatic stay had been invoked and intended the action that violated the stay"); *see, e.g., Johnson v. Smith (In re Johnson)*,

---

[2] Although Mr. Hamby's case was dismissed on September 21, 2022,  the dismissal does not terminate his claim for damages against the Defendants for violation of the automatic stay. This is particularly important given that the Defendants' actions are largely responsible for his inability to fund his Chapter 13 plan. *See, e.g.*, Johnson v. Smith (*In re* Johnson), 575 F.3d 1079, 1083 (10th Cir. 2009) ("It is particularly appropriate for bankruptcy courts to maintain jurisdiction over § 362(k)(1) proceedings because their purpose is not negated by dismissal of the underlying bankruptcy case"); Javens v. City of Hazel Park (*In re* Javens), 107 F.3d 359, 364 n. 2 (6th Cir. 1997) ("An action under § 362(h) for damages for willful violation of an automatic stay survives dismissal of the case in bankruptcy"); Davis v. Courington (*In re* Davis), 177 B.R. 907, 911 (B.A.P. 9th Cir.Cal.1995) ("Imposition of damages for willful violation of the automatic stay serves an important purpose even after the underlying bankruptcy case has been dismissed; it provides compensation for and punishment of intentionally wrongful conduct").

501 F.3d 1163, 1172 (10th Cir. 2007); *Carter v. Guthrie Motors, Inc. (In re Carter)*, 2018 WL 4789997 at *3    (Bankr. S.D. Ga. 2018) (in context of postpetition repossession, a willful violation is "when the creditor (1) knew the automatic stay was invoked and (2) intended the actions which violated the stay.").

The Court concludes that the evidence shows that the Defendants knew of the existence of the bankruptcy case and the automatic stay prior to the postpetition repossession of the vehicle and the postpetition attempts to collect the debt personally from Mr. Hamby.

The evidence shows that the Defendants intended their actions. The postpetition repossession of the vehicle and the sending of a collection letter were intentional, voluntary acts.  Notwithstanding (1) the actual notice of the bankruptcy filing provided by Mr. Hamby's attorney and the Court; (2) the multiple warnings by telephone and fax by his counsel's office that the actions violated the stay; (3) a complaint for turnover filed and served on the Defendants; (4) this Court's order that mandated turnover of the vehicle and imposed a daily running coercive sanction served on the Defendants by both the Court and Mr. Hamby's counsel; and (5) two further Court orders that warned that further sanctions, both actual and punitive, were possible, the Defendants did nothing to undo their violative conduct or mitigate the repercussions of their actions.

The Court concludes, therefore, that the postpetition repossession and retention of the vehicle and the postpetition collection attempt were willful violations of the automatic stay committed by the Defendants.

The Court turns now to the matter of damages.

14

If an entity violates the automatic stay, but the debtor suffers no damages, the violation is not actionable under § 362(k). *Lodge v. Kondaur Capital Corp.*, 750 F.3d 1263, 1268 n.8 (11th Cir. 2014) ("We reject the [Debtors'] argument, made in passing, that the defendants' violation of the automatic stay alone constitutes an injury sufficient to allow the Lodges to recover under § 362(k). Only individuals who have been *injured* may recover damages under § 362(k).").

Here, the Court concludes that the evidence shows Mr. Hamby suffered actual, compensable damages.

First, Mr. Hamby is entitled to be compensated for the loss of personal property that was in the vehicle that has never been returned to him. The value of the personal property totals $1,133.46 and constitutes actual damages owed to the Debtor by the Defendants.

Second, although Mr. Hamby testified to other harm he suffered, including loss of work, the requirement to purchase another vehicle, and the culmination of these unexpected events resulting in the dismissal of his bankruptcy case, the evidence did not establish quantification of an actual monetary amount for such damages. Nevertheless, it is important to recognize that the Defendants' actions created these losses and did cause substantial damage to Mr. Hamby.

Third, § 362(k) contemplates that attorneys' fees are compensable actual damages. *See* § 362(k) ("An individual injured by a willful violation of the automatic stay *shall recover* actual damages, including costs and *attorneys' fees*…) (emphasis added). The Debtor's attorney seeks $3,000.00 in attorney fees, representing

15

approximately ten hours of attorney work at $300 per hour. The Court concludes that, given the amount of time spent by counsel and his staff on this case, the fee is appropriate and reasonable, if not low under the circumstances. The Court concludes it is appropriate to award $3,000.00 in attorneys' fees as actual damages.

Section 362(k)(1) also provides that an individual injured by a willful violation may recover punitive damages "in appropriate circumstances." As a general rule, punitive damages for a violation of the automatic stay are appropriate only when the violator has engaged in egregious, intentional misconduct. *E.g., Stephens v. Guaranteed Auto, Inc. (In re Stephens)*, 495 B.R. 608, 615 (Bankr. N.D. Ga. 2013) *(citing Roche v. Pep Boys, Inc. (In re Roche)*, 361 B.R. 615 (Bankr. N.D. Ga. 2005)). Courts typically consider the following factors in determining whether to award punitive damages: (1) the nature of the violator's conduct; (2) the nature and extent of the harm to the debtor; (3) the violator's ability to pay; (4) the motives of the violator; and (5) any provocation by the debtor. *Id.*

The Court concludes that punitive damages are appropriate and necessary in the circumstances of this case.

The Court begins with the nature of the Defendants' conduct and their motivations.

The Defendants flagrantly violated the automatic stay by repossessing the vehicle after receiving actual notice of the bankruptcy filing. They followed up their initial flagrant violation by continuing to violate the stay, retaining the vehicle despite multiple telephone calls, faxes, and emails from Mr. Hamby's counsel that advised

them of the bankruptcy filing and of their duty to mitigate the violation by promptly returning the vehicle.

The Defendants ignored communications from Mr. Hamby and his counsel's office about the violation of the automatic stay. Indeed, through their agents, the Defendants affirmatively rejected such communications. Their agents instructed Mr. Hamby not to call again and cursed at, and hung up on, Ms. Kinghorn. Greenlight Lending compounded the stay violations by sending a demand letter in an effort to collect the debt personally from Mr. Hamby.

Having chosen to ignore the requirements of the automatic stay, the Defendants also chose to ignore the Orders of this Court. The Defendants received notice of three hearings the Court scheduled, provided not only by Mr. Hamby's counsel, but also by the Court itself. The April 22 Order in no uncertain terms ordered the immediate return of the vehicle and imposed coercive sanctions of $100 per day for failure to comply. Two other orders explicitly warned the Defendants that they could be subject, individually, jointly and severally, to entry of a monetary judgment in Mr. Hamby's favor.

Because none of the mail sent to the Defendants was returned, the Court concludes that the Defendants had actual notice of the hearings and the Court Orders that followed. The Defendants ignored them. They did not return the vehicle, did not respond to the second amended complaint, and did not attend any of the hearings in this matter.

17

In colloquial terms, the Defendants have thumbed their noses at the Bankruptcy Code and this Court.  Their blatant disregard of the bankruptcy laws, the judicial process, and this Court's Order for return of the vehicle is flagrantly wrongful conduct that mandates the imposition of substantial punitive damages to punish them for their conduct and to deter them from repeating it.

The evidence does not directly address the motivations of the Defendants.  But the circumstances just described establish an arrogant defiance of the federal bankruptcy laws and federal court orders. The Defendants' conduct was not a "technical" violation of the automatic stay arising from miscommunication, lack of adequate notice, or mistake.  Their motive was to proceed to collect a debt and enforce a security interest with no regard whatsoever to their right to do so under the Bankruptcy Code and in contempt of this Court's Order requiring return of the vehicle.

The nature and extent of the harm to Mr. Hamby and the absence of any provocation by Mr. Hamby also warrant the imposition of punitive damages.

Mr. Hamby availed himself of the right to seek a fresh start by filing a Chapter 13 bankruptcy case. Nothing indicates that he acted in bad faith or that his filing was anything but a normal attempt to reorganize his finances and keep his vehicle as federal bankruptcy law permits.  He proposed a plan to pay his creditors, including Everybody Rides.

The Defendants thwarted any chance that Mr. Hamby had to succeed in the Chapter 13 case.  Instead of complying with the automatic stay by filing a motion for relief from it if cause for repossession existed, the Defendants engaged in unlawful self-

18

help by repossessing the vehicle without any authority to do so.  They refused to return it despite requests from Mr. Hamby's counsel and this Court's order.

Mr. Hamby had to buy another car to have reliable transportation.  The money required to do so made it impossible for him to fund his Chapter 13 plan.  The predictable result was the dismissal of his case.

Although the harm to Mr. Hamby arising from the failure of the Chapter 13 case that the Defendants caused has not been monetarily quantified, it is nevertheless significant.  It justifies the imposition of punitive damages.

The final factor in consideration of an award of punitive damages for willful violation of the automatic stay is the ability of the Defendants to pay them.  Because the Defendants have not participated in this proceeding, the Court has no evidence about their ability to pay.  It is not Mr. Hamby's obligation to address this factor.  The Court, therefore, need not consider the financial capability of the Defendants.

In summary, the Defendants intentionally and voluntarily, with notice of the existence of Mr. Hamby's bankruptcy case and, therefore, the automatic stay, not only repossessed the vehicle after the bankruptcy filing, but also attempted to collect the debt from the Debtor personally. They refused to comply with the Court's order requiring them to return it.  Such conduct is egregious, arrogant, rude, and shows a complete and utter disregard for and, indeed, a cavalier defiance of, the bankruptcy laws and the authority of a federal court.  The Defendants' conduct demands the imposition of punitive damages.

In its April 28, 2022 Order, the Court ordered that "until the Vehicle is returned to the Debtor, any person in violation of this Order shall be liable to the Debtor in the amount of $100 per day for each day after the deadline stated above that the Vehicle has not been returned." Based upon the Court's calculation of the time between the likely receipt by the Defendants of the Court's order and the date of the trial, this is equal to $17,800.00. It is appropriate to award damages in that amount, both as punitive damages and to enforce the Court's previous order.

In addition, based upon the egregiousness of the Defendants' conduct, additional punitive damages are appropriate. The Defendants were attempting to collect a debt of $ 14,732.53. It is appropriate to award punitive damages equivalent to twice that amount. To do so, the Court will award punitive damages in the monetary amount of $ 14,732.53 and will prohibit the Defendants from collecting the debt as a personal liability of Mr. Hamby, whether from his property or earnings.

In addition, to prevent the Defendants from any further recovery, and as further punitive damages, the Court will order the Defendants to cancel and remove the lien from the vehicle, which they have a continuing obligation to return under the Court's previous order that remains in effect.

The Court now considers which Defendants may be held liable for the actual damages, attorneys' fees, and punitive damages.

Section 362(k), by its text, does not limit who may be liable for damages caused by a willful violation of the automatic stay. Indeed, the automatic stay is broadly written to apply to "entities." § 362(a). The Bankruptcy Code broadly defines "entity"

20

to include a person, estate, trust,  governmental unit, and the United States Trustee, and further defines "person" to include individuals and artificial organizations, such as corporations.  11 U.S.C. § 101(15), (41).

It logically follows that an individual, corporation, or limited liability company who commits a willful violation of the automatic stay is an offender and actor and an appropriate party against whom damages should be awarded.

The evidence demonstrates, and the Court concludes, that Everybody Rides and Greenlight Lending are responsible for willful violations of the automatic stay.

The evidence leads to the reasonable inference that Everybody Rides and Greenlight Lending worked in concert.  They share the same address, 100 Sentinae Close, Atlanta, Georgia, as reflected in their original organizing papers and the address listed on the collection letter from Greenlight Lending.  Moreover, as reflected in the amended registration of April 26, 2022, filed by each Defendant with the Secretary of State, they share the same registered agent and organizer, Richard Fouts, and the same principal office and address for service. Mr. Fouts represented to Mr. Hamby that he was the owner of Everybody Rides and signed the postpetition collection letter on behalf of Greenlight Lending.

Based upon the Court's conclusion that Everybody Rides and Greenlight Lending worked in concert, the Court must examine the responsibility and liability of Richard Fouts.

Bankruptcy courts have recognized the principle that a corporate form cannot shield an individual, be it officer, member, or employee,  from liability for violation of

the automatic stay if the individual commits or authorizes the conduct that willfully violates the automatic stay. *E.g.*, *Gammons v. M.T.M. Dev. Corp. (In re Gammons)*, 2020 WL 1547154 (Bankr. D.R.I. 2020) (denying corporate officers' motion to dismiss for failure to state a claim because corporate agents may be held liable if evidence shows they committed the willful violation); *In re Parker*, 2021 WL 1090421 (N.D. Cal. 2021) (affirming bankruptcy court's finding and conclusion that officers of condominium association could be held jointly and severally liable with association based on evidence that officers' affirmative acts violated automatic stay); *In re Bradford*, 2018 WL 6422858 (Bankr. E.D. Cal. 2018) (corporation and chief executive officer held jointly and severally liable for damages); *but see Garza v. CMM Enterprises, LLC (In re Garza)*, 605 B.R. 817 (Bankr. S.D. Tex. 2019) (after trial on merits, court found LLC violated the automatic stay, but because plaintiff failed to present evidence of manager's personal conduct, he was not personally liable).

Although a limited liability company is designed, in part, to shield a member's personal liability, Georgia law supports the conclusion that an agent of a corporation or limited liability company is still subject to personal liability for his or her personal conduct.

Georgia courts have recognized that an officer of a corporation may be responsible for the commission of a tort by the corporation if the officer directs the act to be done, participates in it, or personally takes part in the commission of the tort. *Cushing v. Cohen*, 323 Ga.App. 497, 746 S.E.2d 898 (2013); *Dave Lucas Co. v. Lewis*, 293 Ga.App. 288, 666 S.E.2d 576 (2008); *BTL Com Ltd. v. Vachon*, 278 Ga.App. 256,

628 S.E.2d 690 (2006) (collecting cases). The same is true of a member of a Georgia limited liability company. *Milk v. Total Pay and HR Solutions, Inc.*, 280 Ga.App. 449, 634 S.E.2d 208 (2006) (recognizing the principle but finding that facts did not establish fraud at summary judgment stage).

Sanctions under § 362(k) for violation of the automatic stay require a willful act that violates and injures the debtor or the estate. This is comparable to an intentional tort. *Davis v. Courington*, 177 B.R. 907, 911 (B.A.P. 9th Cir. 1995) ("Willful violation of the automatic stay is an intentional tort for which compensatory and punitive damages may be awarded"); *Siegal v. Everett*, 591 B.R. 609, 628 (Bankr. D. Md. 2018).

As such, the Court concludes that Georgia's recognition of a corporate agent's liability for his personal conduct in the commission of a tortious act is consistent with the conclusion that a corporate agent or officer is personally responsible for a violation of the automatic stay where the evidence shows that the individual personally directed, authorized, or participated in the violation.

Here, both Everybody Rides and Greenlight Lending are operated and controlled by Mr. Fouts. Mr. Fouts is a member of each and the registered agent for both. Mr. Fouts presented himself to Mr. Hamby as the owner of Everybody Rides. Mr. Fouts signed the postpetition and post-repossession collection letter that Greenlight Lending sent to Mr. Hamby. It is a reasonable inference, and the Court concludes, that Mr. Fouts managed and controlled both companies and that neither company would take action without the authorization, direction, and participation of Mr. Fouts.

Mr. Fouts was served with the Complaint and summons, the Order granting turnover of the Vehicle, the Second Amended Complaint and summons, the motion for an evidentiary hearing, and the Order granting an evidentiary hearing at his personal address which put him on notice that he could be subject to personal liability. At no time has Mr. Fouts appeared, defended, or acknowledged the existence of the bankruptcy case or this Court's orders and directives.

The Court concludes, therefore, that Mr. Fouts personally authorized, directed, and participated in the conduct of Everybody Rides and Greenlight Lending that violated the automatic stay.  Accordingly, Mr. Fouts, in his individual capacity, has committed willful violations of the automatic stay that subject him personally to joint and several liability with Everybody Rides and Greenlight Lending for the damages for violation of the automatic stay that Mr. Hamby is entitled to recover.

Parties who ignore federal law or the orders of federal courts do so at their own peril.  The great irony is that the Bankruptcy Code provides an explicit remedy for a party that believes the automatic stay should not or does not apply: file a motion for relief from the automatic stay. § 362(d).  This Court is extraordinarily solicitous of the needs of parties and can schedule hearings on an expedited basis.  What this Court will not do is tolerate the conduct of any party that believes the law does not apply to him, her, or it.

In summary, the Court concludes as follows:

1.  Everybody Rides Auto Sales, LLC ("Everybody Rides"), Greenlight Lending, LLC ("Greenlight Lending"), and Richard A. Fouts, Jr., a/k/a Richard Fouts, Jr.,

Richard A. Fouts and Richard Fouts ("Mr. Fouts"), willfully violated the automatic stay.

2. Everybody Rides, Greenlight Lending, and Mr. Fouts are jointly and severally liable for damages to the Debtor, Cole Dalton Hamby in the amount of $ 36,665.19 consisting of:

    a. Actual damages of $1,133.46 for the value of personal property not returned to Mr. Hamby;

    b. $3,000.00 in attorneys' fees;

    c.  Punitive damages of $17,800.00 representing the $100.00 per day penalty set forth in this Court's April 28, 2022 Order for noncompliance with its requirement for turnover of the vehicle;

    d. Punitive damages of $14,732.53, representing the amount of debt owed on the Vehicle.

3. As additional punitive damages, Everybody Rides, Greenlight Lending, and Mr. Fouts shall cancel the lien on the 2012 GMC Sierra vehicle, and they, any successor, assign, or agent, are prohibited from collecting this debt as a personal liability of Mr. Hamby form his property or earnings.

4. The Defendants shall turn over to Mr. Hamby the 2012 GMC Sierra in accordance with the Court's Order entered on April 28, 2022.  [Doc. No. 10].

5. The complaint against Richard Adkins and Does 1-10 is dismissed, without prejudice.

The Court will enter a separate judgment.

25

The Clerk shall serve copies of this Order on the persons and entities listed on the Distribution List.

**[END OF ORDER]**

**<u>Distribution List</u>**

Greenlight Lending. LLC
Attn: Richard A. Fouts, Jr., Registered Agent
2900 Marietta Hwy
Canton, GA 30350

Everybody Rides Auto Sales, LLC
Attn: Richard A. Fouts, Registered Agent
2900 Marietta Hwy
Canton, GA, 30114

Rick Adkins, Manager
Everybody Rides Auto Sales
265 Commerce Ln
Ball Ground, GA 30107

Richard Fouts
100 Sentinae Close
Atlanta, GA 30350

Greenlight Lending, LLC
Attn: Richard Fouts, Jr., owner
100 Sentinae Close
Atlanta, GA 30350

Everybody Rides Auto Sales, LLC
Attn: Richard Fouts, owner
100 Sentinae Close
Atlanta, GA 30350

Everybody Rides Auto Sales, LLC
Attn: Richard Fouts
265 Commerce Lane
Ball Ground, GA 30107

Greenlight Lending, LLC
Attn: Richard Fouts, Jr.
265 Commerce Lane
Ball Ground, GA 30107

Greenlight Lending, LLC
Attn: Barbara A. Bedene Fields, former reg.
agent

6445 Powers Ferry Road, Suite 325
Atlanta, GA 30339

Everybody Rides Auto Sales, LLC
Attn: Barbara A. Bedene Fields, former reg.
agent
6445 Powers Ferry Road, Suite 325
Atlanta, GA 30339

Richard A. Fouts, Jr.
2900 Marietta Hwy
Canton, GA 30350

Richard Fouts, Jr.
265 Commerce Lane
Ball Ground, GA 30107

Richard Fouts, Jr.
100 Sentinae Close
Atlanta, GA 30350

Cole Dalton Hamby
457 Law Rd NW
Cartersville, GA 30120

Jeffrey B. Kelly
Law Office of Jeffrey B. Kelly, P.C.
107 E. 5th Avenue
Rome, GA 30161

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Ave. NE
Atlanta, GA 30303